UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MOHAMMAD HALLOUM,                           Case No. 3:25-cv-01200-AR

                Plaintiff,                    **ORDER TO AMEND**

   v.

UNITED STATES OF AMERICA,

                Defendant.

_____

**ARMISTEAD, United States Magistrate Judge**

      Plaintiff Mohammad Halloum, representing himself, filed this lawsuit on July 10, 2025,

alleging unspecified claims against defendant the United States of America. (Compl., ECF 1 at 2-

3.) As explained below, Halloum's complaint has deficiencies and for this lawsuit to go forward,

he must timely file an amended complaint that corrects those deficiencies.

**BACKGROUND**

      Holloum alleges that he is a recent veteran of the United States Air Force and that he is

being human trafficked by the intelligence community. (ECF 1 at 2, 19, 21.) He asserts that he

has been "repeatedly molested using remote control probes," and has been repeatedly raped.

According to Holloum, it is a "dirty enterprise run by high ranking corrupt officials." (ECF 1 at

2, 20.) Holloum identifies several other cases he previously has filed in Arizona and Florida. (ECF 1 at 7-17, 21.) Other courts have been "politically compromised and are being abused by local community's criminal syndicate," in Holloum's view, and have prevented him from bringing his case. (ECF 1 at 20.)

Holloum alleges that the perpetrators of his abuse use proxies to spy on him and stalk him, in exchange for compensation. Also alleged by Holloum is that he has been falsely accused of having a mental illness, including schizophrenia, psychosis, and delusions. (ECF 1 at 23, 25.) He has been in psychiatric hospitals and subjected to electric shock treatment and has been drugged by the perpetrators who have tried to obtain confessions to crimes that he did not commit. (ECF 1 at 25-26.) They use bugs and snakes, Holloum asserts, to conduct surveillance and harass him. (ECF 1 at 26.) Holloum lists the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments as being at issue. (ECF 1 at 18.)

Holloum names the United States of America as defendant. Holloum also states that the State of Arizona, Arizona National Guard, the United States Air Force, and the White House Communications Agency are parties. (ECF 1 at 5, 18.) Also identified is Safeer Haq, who Holloum describes as a "CIA assassin who has been personally responsible for criminal mischief and has collaborated with all sides to injure, abuse, and human traffic" him (ECF 5), and is involved in widespread racketeering (ECF 1 at 21). Holloum contends that the court has original jurisdiction. On the civil cover sheet, Holloum has provided a Lincoln County address,[1] and has checked a box indicating that he is bringing a prisoner civil rights case. (ECF 1-1.)

---

[1]     Holloum later clarified that he lives in Lincoln City, Oregon.

**LEGAL STANDARD**

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis*. For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[2]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

---

[2]    *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

Page 3 – OPINION AND ORDER
*Holloum v. United States*, 3:25-cv-01200-AR

# DISCUSSION

## A.    *Sufficiency of Complaint*

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A "complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (simplified). The factual allegations must "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As currently alleged, Holloum's complaint does not satisfy Rule 8. He names the United States as defendant, but does not identify with specificity who within the government is responsible for his trafficking and fails to allege dates when the alleged abuse took place or where. Holloum states that the United States Air Force and the White House Communications Agency are involved, yet he does not describe how those entities are responsible for his trafficking, what individuals with those entities are responsible, or what actions any individuals undertook— or when—that resulted in Holloum's injuries. Although Holloum identifies Haq, he

does not describe what racketeering events involved Haq or when. Hollum also does not

identify a particular statutory provision under which he is pursuing those racketeering

allegations. As currently alleged, Hollum's complaint does not satisfy Rule 8.

On the civil cover sheet, Hollum states that he is pursuing a civil rights action, and he

identifies several provisions of the U.S. Constitution. (ECF 1-1.) Because the U.S. Constitution

does not provide a cause of action, the court considers if he is asserting claims under 42 U.S.C. §

1983. To state a § 1983 claim here, Hollum must allege two essential elements: (1) violation of

a constitutional right; and (2) that the violation was committed by a person acting under a color

of state law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "The purpose

of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of

their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000).

The Eleventh Amendment, however, grants states immunity from citizen lawsuits in

federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State

agencies also are protected from lawsuits in federal court under the Eleventh Amendment.

*Dawkins v. Dep't of Econ. Security*, No. CV-22-00458-TUC-RM (DTF), 2023 WL 2278570, *1

(D. Ariz. Feb. 6, 2023) (quoting *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("States or

governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes

are not 'persons' under § 1983.")), *adopted by*, 2023 WL 2267085 (Feb. 28, 2023). Thus,

because the State of Arizona and the Arizona National Guard are not "persons" within the

meaning of § 1983 and are immune from suit, he fails to state a § 1983 claim against them.

*Williams v. Superior Ct. In & For Pima Cnty.*, 108 Ariz. 154, 158 (1972) (describing Arizona

National Guard as a state organization, paid by Arizona, and under the command of Arizona's

Page 5 – OPINION AND ORDER
*Hollum v. United States*, 3:25-cv-01200-AR

governor); *see also Crout v. Washington*, 149 F. App'x 601, 604 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Nov. 16, 2005) (holding that plaintiff's claims against Washington Army National Guard, except his Title VII claims, were barred by Eleventh Amendment).

To the extent Holloum is seeking relief for constitutional violations committed by the United States government or federal agencies, his ability to do so is limited as provided in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *see also Sheikh v. U.S. Dep't Homeland Sec.*, 106 F.4th 918, 924 (9th Cir. 2024) ("Congress has not created a private right of action to redress constitutional violations committed by federal officers."). Because the allegations in the complaint are lacking in detail, the court cannot assess if Holloum states a cause of action under *Bivens*, although it appears unlikely. *Sheikh*, 106 F.4th at 924 (recognizing that *Bivens* permitted causes of action in limited factual circumstances under the Fourth, Fifth, and Eighth Amendments, and that expanding *Bivens* is disfavored). In short, Holloum's complaint fails to include a short and plain statement describing a claim under § 1983, *Bivens*, or under any other statutory or constitutional provision to satisfy Rule 8.

**B.    *Personal Jurisdiction***

Without personal jurisdiction over a defendant, a court lacks judicial authority over a defendant and cannot enter an enforceable judgment against him. *Burnham v. Superior Ct. of Cal., Cnty. of Marin*, 495 U.S. 604, 609 (1990). That is, personal jurisdiction is the court's power over the person or organization being sued in federal court. Where, as here, no federal statute governs personal jurisdiction, a district court applies the law of the state in which it sits. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Oregon's long-

arm statute, ORCP 4(L), authorizes personal jurisdiction over a defendant to the full extent permitted by the United States Constitution. *Ranza v. Nike*, 793 F.3d 1059, 1068 (9th Cir. 2015).

To conclude that it has personal jurisdiction over a defendant named in a complaint, a court must determine that exercising power over that defendant satisfies constitutional due process requirements. *Id.* Due process requires that a defendant "have certain minimum contacts" with the forum state (here, Oregon) "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks and citation omitted); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021).

There are two types of personal jurisdiction that a court may exercise over a defendant: general jurisdiction and specific jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). General jurisdiction (or "all purpose" jurisdiction) does not depend on the particular controversy underlying the case. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). An individual is typically only subject to general personal jurisdiction in the state where he is domiciled or "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Because the complaint does not provide enough facts, the court cannot determine if it has general jurisdiction over Haq or any other potential defendant.

Specific jurisdiction, in contrast, is unique to each case and "focuses on the relationship among the defendant, the forum, and the litigation." *Fiore*, 571 U.S. at 284. When a defendant's in-state activities give rise to the plaintiff's claims, specific personal jurisdiction is present. *Int'l Shoe*, 326 U.S. at 317. A defendant's relationship with the forum creates specific jurisdiction only when that relationship "arise[s] out of contacts that the defendant *himself* creates with the

Page 7 – OPINION AND ORDER
*Holloum v. United States*, 3:25-cv-01200-AR

forum state," and not merely from the defendant's contacts with a person who resides in the forum. *Fiore*, 571 U.S. at 284.

Holloum alleges that he is a citizen of Oregon. (ECF 1-1.) He does not, however, allege any events that occurred in Oregon. And, as noted above, the complaint contains no facts alleging that Haq took any actions in Oregon, the identities of other individuals are unknown, and it is unknown where those actions took place. Thus, the complaint does not demonstrate a connection to Oregon, and Holloum has not alleged facts supporting this court's exercise of specific jurisdiction over any defendant. Holloum must therefore amend his complaint if he wishes to proceed with his lawsuit in this court.

## C.     *Venue*

A federal district court also may not decide the merits of a lawsuit if the court is not a proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Venue of civil actions is governed by the general federal venue statute, 29 U.S.C. § 1391. *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1140 (9th Cir. 2022). Under that statute, a plaintiff may bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

29 U.S.C. § 1391(b).

Page 8 – OPINION AND ORDER
*Holloum v. United States*, 3:25-cv-01200-AR

It is unknown where the events giving rise to Holloum's claims occurred. Holloum

identifies related cases in both Arizona and Florida, yet he does not identify any specific actions

occurring within Oregon. Based on his limited allegations, venue is not proper in the District of

Oregon. Holloum must therefore amend his complaint to allege facts showing that venue is

proper in this district if he wishes to proceed here with his lawsuit.

**D.**     ***Motion to Appoint Counsel***

Holloum also requests the appointment of counsel. (ECF 1 at 29-30.) At this time,

because of the deficiencies in the complaint identified above, the court defers ruling on

Holloum's request until an amended complaint curing those deficiencies is filed.

## CONCLUSION

To avoid dismissal of his lawsuit, Holloum must file an AMENDED COMPLAINT by

**August 25, 2025**, with sufficient factual allegations against each defendant to demonstrate that

his civil claims are plausible, plead enough facts to support this court's personal jurisdiction over

each defendant, and plead enough facts to show that this court is the proper venue. If Holloum

fails to do that, the court may dismiss this action. The Clerk of Court must not issue process until

further order of the court.

DATED: July 24, 2025.


JEFF ARMISTEAD
United States Magistrate Judge